IN The US District Court - Middle District of Tennessee - Nashville Division

Cortez Lamont Little #44478

V

Case # 3:26-CV-00176

Chad Youker

amended Supplemental Complaint for violation of civil rights

## Jurisdiction

plaintiff Cortez Lamont Little, is a citizen & resident of Franklin, Tn. within Williamson County and has been for more than six months prior to filing this complaint. The acts complained of were committed in Franklin, Tn. while plaintiff was bona fide resident. All co-defendents are employed by Williamson County.

## Issues & Facts

on or about January 18th 2025 Williamson County sheriff's office seized all Bibles in the County Jail under the direction of Captain Chad Youker. A "Bible ban" has been in place with any religious books Destroyed since that day. Inmates in general population & Segregation no longer had access to physical books of the Bible or other religious books. Williamson County officials have uploaded digital copies of the bible

ONTO AN ELECTRONIC KIOSK & TABLETS WHICH ARE PRIVILEGED ACCESS. ACCESS TO THE KIOSK IS LIMITED AND USED AS A RESTRICTED FORM OF PUNISHMENT BY JAIL STAFF (I.E. WILLIAMSON COUNTY DEPUTIES). THUS, AS A FORM OF PUNISHMENT JAIL STAFF REGULARLY OBSTRUCTS ACCESS TO PRACTICE RELIGION OR SIMPLY READ THE BIBLE ON EVEN HOLIDAYS SUCH AS CHRISTMAS, EASTER, GOOD FRIDAY.

PLAINTIFF IS A DEVOUT CHRISTIAN & HAS DEEPLY HELD RELIGIOUS BELIEFS TO READ THE BIBLE DAILY. PLAINTIFF IS ACTIVE IN THE CHRISTIAN COMMUNITY LEADING BIBLE STUDIES, ATTENDEE OF CHURCH OF CHRIST, [redacted] PLAINTIFF OBSERVES ALL CHRISTIAN HOLIDAYS WHERE BIBLE READINGS ARE DEEPLY HELD BELIEFS. PLAINTIFF IS A LEADER IN THE WEEKLY MEN OF VALOR CHRISTIAN PROGRAM.

PURSUANT TO THE PRISON LITIGATION REFORM ACT, PLAINTIFF FILED & EXHAUSTED ALL INTERNAL REMEDIES, GRIEVANCES, AND APPEALS OVER A 10-MONTH PERIOD WHERE ALL REQUEST TO HAVE A BIBLE WERE DENIED. ON 11/5/25 & 11/17/25 PLAINTIFFS CELL WAS RAIDED AFTER THE FILING OF THIS ORIGANAL COMPLAINT AS AN ATTEMPT TO INTIMIDATE THE PLAINTIFF FROM PURSUEING LEGAL ACTION. THE ORIGANAL COMPLAINT WAS FILED ON 10/10/25 & COINCIDENTLY ONLY THE PLAINTIFFS POD WAS RAIDED IN RETALIATION. ON 10/23/25 CAPTAIN YOUKER ENTER PLAINTIFFS POD, RIPPED THE TV OUT OF THE WALL & SCREAMED THREATS ABOUT REQUESTING BIBLES.

PLAINTIFF HAS OFFERED TO PAY ALL COST ASSOCIATED WITH OWNING A BIBLE. PLAINTIFFS ACCESS TO READ A BIBLE & OBSERVE CHRISTIAN HOLIDAY IS A RIGHT, NOT A PRIVILEGE. ACCESS TO THE KIOSK IS RESTRICTED FROM 8PM TO 8AM EACH NIGHT & CART BLANCHE ACCESS TO ANY BIBLE WAS REMOVED FOR MONTHS UNTIL AN "E-BIBLE" WAS ADDED ON KIOSK.

HERE, PLAINTIFF IS SIMPLY SEEKING THE ABILITY TO OBTAIN A PHYSICAL BIBLE AT NO COST TO THE STATE TO PRACTICE HIS CHRISTIAN BELIEFS AND ENFORCE STATE LAW TCA 41-21-211 WHICH STATES "EACH INMATE <u>SHALL</u> BE PROVIDED A BIBLE, WHICH INMATE MAY BE PERMITTED TO USE IN THE CELL AT SUCH TIMES AS INMATE IS NOT REQUIRED TO PERFORM PRISON LABOR."

<u>FIRST AMENDMENT FREE EXERCISE,</u>

<u>RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT</u>

THE FREE EXERCISE CLAUSE OF THE FIRST AMENDMENT PROVIDES "CONGRESS SHALL MAKE NO LAW PROHIBITING THE FREE EXERCISE OF RELIGION" (MAYE V KLEE 915 F. 3d 1076 6TH CIR 2019). SECTION 3 OF THE RLUIPA 42 USC 2000 "NO GOVERNMENT SHALL IMPOSE A SUBSTATIAL BURDEN ON THE RELIGIOUS EXERCISE OF A PERSON RESIDING IN OR CONFINED TO AN INSTITUTION" UNLESS THE BURDEN FURTHERS "A COMPELLING GOVERNMENT INTEREST" AND DOES SO BY "LEAST RESTRICTIVE MEANS" (CUTTER V WILKINSON, 544 US 709 2005)

HERE, PLAINTIFF IS A PRE-TRIAL DETAINEE AT WCSO WHERE ALL BIBLES WERE SEIZED. WCSO HAS NO COMPELLING INTEREST & HAS CHOSEN THE "MOST" RESTRICTIVE MEANS IN ELIMINATING ACCESS TO A BIBLE WHILE GIVING JAIL DEPUTIES CART BLANCHE' AUTHORITY OF IF & WHEN ACCESS TO A BIBLE IS PREMITTED. SAFETY & SECURITY ARE NON-FACTORS IN RELATION TO OWNING A BIBLE. THE ACT DEFINES "RELIGIOUS EXERCISE" TO INCLUDE "ANY EXERCISE OF RELIGION, WHETHER OR NOT COMPELLED BY, OR CENTRAL TO, A SYSTEM OF RELIGIOUS BELIEF" § 2000 CC - 5(7)(A)

SEE 146 CONG REC S7774, S7775 JULY 27, 2000 SEN KENNEDY "WHETHER FROM INDIFFERENCE, IGNORANCE, BIGOTRY, OR LACK OF RESOURCES, SOME INSTITUTIONS RESTRICT RELIGIOUS LIBERTY IN EGREGIOUS & UNNECESSARY WAYS"

THE FREE EXERCISE CLAUSE REQUIRES GOVERNMENT RESPECT FOR & NON-INTERFERENCE WITH RELIGIOUS BELIEFS & PRACTICES OF OUR NATIONS PEOPLE. PLAINTIFF ASSERTS RESTRICTING ACCESS TO THE BIBLE IS THE EPITOME OF "INTERFERENCE WITH RELIGIOUS BELIEFS & PRACTICES." PLAINTIFF IS NOT DEMANDING UNREASONABLE PHYSICAL ACTS, WORSHIP SERVICES OR PARTICIPATING IN SACRAMENTAL USE OF BREAD & WINE. THE DISCIPLINE, ORDER, SAFETY, AND SECURITY OF THE PENAL INSTITUTION IS NOT JEOPORDIZED IN ANY CAPACITY BY HAVING A BIBLE.

"FOR MORE THAN A DECADE, THE FEDERAL BUREAU OF PRISONS HAS MANAGED THE LARGEST CORRECTIONAL SYSTEM IN THE NATION UNDER THE SAME HEIGHTENED SCRUTINY STANDARD AS RLUIPA WITHOUT COMPROMISING PRISON SECURITY, PUBLIC SAFETY, OR CONSTITUTIONAL RIGHTS OF PRISONERS" WHICH INCLUDED ACCESS TO BIBLES FOR ALL PRISONERS ... "WE DO NOT BELIEVE RLUIPA WOULD HAVE AN UNREASONABLE IMPACT ON PRISON OPERATIONS, COMPLIANCE IS NOT UNREASONABLE" (SEE JOINT STATEMENT S7776 LETTER FROM DEPT OF JUSTICE TO SEN HATCH - KAY V BEMIS 500 F 3d 1214 10TH CIR 2007)

IT IS WELL SETTLED THAT "INMATES RETAIN PROTECTIONS AFFORDED BY THE FIRST AMENDMENT, INCLUDING ITS DIRECTIVE THAT NO LAW SHALL PROHIBIT THE FREE EXERCISE OF RELIGION" (OLONE V ESTATE OF SHABAZZ 482 US 342, 348 107 S. CT 2400 1987).

FIRST, PLAINTIFF ASSERTS THAT WCSO "SUBSTANTIALLY BURDENED HIS SINCERLY-HELD RELIGIOUS BELIEFS" BY SEIZING HIS BIBLE, RESTRICTING ACCESS TO KIOSK & TABLET CONTAINING "E-BIBLE", AND RETALIATING AGAINST PLAINTIFF (BOLES V NEET, 486 F. 3d 1177, 1182 10TH CIR 2007)

PLAINTIFFS BELIEFS IN USING THE BIBLE ARE RELIGIOUS IN NATURE & USE OF THE BIBLE IN "CHRISTIAN RELIGION" BELIEFS ARE SINCERLY HELD. SECONDLY, WCSO JAIL DEPUTIES HAVE NO LEGITIMATE PENOLOGICAL INTEREST THAT JUSTIFY THE IMPINGING CONDUCT. (SNYDER V MURRAY CITY CORP 124 F 3d 1349, 1352 1997).

IN (TURNER V SAFELY 482 US 78, 89-91 107 S. CT 2254 1987) THE SUPREME COURT DETERMINED A PRONGED BALANCES TEST ON REASONABLENESS OF A REGULATION. HERE, (1) THERE IS ALTERNATIVE MEANS OF PROVING AN ACTUAL BIBLE EXERCISING THE RIGHTS AVAILABLE NOT WITHSTANDING THE POLICY. THERE IS NO RATIONAL CONNECTION THAT EXISTS BETWEEN PRISON POLICY & LEGITIMATE GOVERNMENT INTEREST ADVANCED IN JUSTIFICATION (2) THERE IS NO AFFECT ACCOMMODATING THE EXERCISE OF THE RIGHT WOULD HAVE ON GAURDS, OTHER PRISONERS, & PRISON STAFF AS OTHER BOOKS ARE ALLOWED IN JAIL, JUST NOT BIBLES. (3) THERE IS AN OBVIOUS, EASY ALTERNATIVE WITH BUILT-IN READY, EASY-TO-IMPLEMENT BOOK PURCHASE PROCESS ALTERNATIVE THAT ALREADY EXISTS AND ACCOMMODATES PLAINTIFF RIGHTS.

THUS, IT CAN EASILY BE CONSTRUED WCSO POLICY & REGULATION IS NOT REASONABLE & DIRECTLY CONTRIDICTS OUR CONSTITUTIONS FREE EXERCISE CLAUSE, RLUIPA, AND TCA 41-21-211, PLAINTIFFS SINCERLY HELD CHRISTIAN BELIEFS HAVE BEEN ADVERSLY IMPACTED.

THE USE OF A BIBLE IS "NECESSARY" TO PRACTICE RELIGION OF CHRISTIANITY & "CENTRAL" TO RELIGIOUS DOCTORINE PURSUANT TO SUPPORT A CLAIM UNDER 42 USC 1983 (FREEMAN V ARPAIO 125 F3d 732, 737 9TH CIR 1997). PLAINTIFFS BELIEFS ARE BOTH "GENUINE & SINCERE" IN HIS USE OF THE BIBLE. BEING BOTH "SINCERLY HELD" & "CENTRAL" TO PRACTICE OF CHRISTIANITY USING A BIBLE IS CONSTITUTIONALLY PROTECTED. (KAY V BEMIS 500 F3d 1214 10TH 2007).

FURTHERMORE, THE USE OF A BIBLE IS A NECESSITY TO PRACTICE RELIGION. RELIGIOUS SINCERITY - NOT NECESSITY - IS THE KEY COMPONENT IN SATISFYING A FREE EXERCISE CLAIM. THE DEFENDENTS DELIBERATE INDIFFERENCE WHILE ACTING UNDER THE COLOR OF THE LAW BRINGS RISE TO 42 USC 1983 CLAIM. CAPTAIN CHAD YOUKER AND HIS DEPUTIES SOUGHT OUT & TARGETED BIBLES, CHRISTIANS, AND RELIGIOUS BELIEFS FOR RETALIATION.

## RETALIATION

RETALIATION CLAIMS BY THE PLAINTIFF ARE BROUGHT UPON THE DEFENDANTS WHILE ACTING UNDER THE COLOR OF THE LAW. THE DEFENDANTS ARE NOT "QUALIFIED IMMUNE" FROM LIABILITY AS THEY CLEARLY VIOLATED AN ESTABLISHED CONSTITUTIONAL RIGHT ANY REASONABLE PERSON WOULD KNOW.

TO ESTABLISH A FIRST AMENDMENMENT RETALIATION CLAIM A PRISONER MUST PROVE THREE PRONGS (THADDEUS v BLATTER 175 F. 3d 378, 394, 6TH CIR 1999).

HERE PLAINTIFF (1) ENGAGED IN PROTECTED CONDUCT BY FILING A GRIEVANCE PURSUANT THE PRISON LITIGATION REFORM ACT UNDER THE RLUIPA REQUESTING A BIBLE (2) DEFENDANTS TOOK ADVERSE ACTION THAT WOULD DETER A PERSON OF ORDINARY FIRMNESS FROM CONTINUING TO ENGAGE IN THAT CONDUCT WHEN ALL BIBLES WERE SEIZED,

RESTRICTED ACCESS TO KIOSK / TABLETS WENT INTO AFFECT, CAPTAIN YOUKER RIPPED TV OUT OF WALL SCREAMING PROFANITY, PLAINTIFFS CELL WAS RAIDED TWICE WHEN NO OTHER POD WAS RAIDED IN ENTIRE FACILITY. ADVERSE ACTION ONLY TOOK PLACE AFTER PLAINTIFF FILED GRIEVANCE & FILED HIS COMPLAINT IN COURT. (3) THE ADVERSE ACTION WAS MOTIVATED AT LEAST IN PART BY PLAINTIFFS PROTECTED CONDUCT WHEN CAPTAIN YOUKER SAID, "YOU WANT TO FILE GRIEVANCES & LAWSUITS ABOUT YOUR FUCKING BIBLES? THEN I'M TAKING AWAY ALL OF YOUR TABLETS. YOU FORGET YOU ARE IN WILLIAMSON COUNTY WHERE I MAKE THE GOD DAMN LAW." FOLLOWED BY DEPUTY FAIRCHILD SAID, "KEEP FILING YOUR FUCKING GRIEVANCES ABOUT YOUR FAGGOT-ASS BIBLES & I'LL MAKE SURE YOU NEVER SEE A GOD DAMN BIBLE AGAIN, I'LL LOCK ALL TABLETS SO YOUR FAGGOT-ASS CAN THINK ABOUT BEING ~~BUTT~~ FUCKED IN PRISON" - ACCESS TO TABLETS / BIBLES WERE IMMEDIATLY RESTRICTED DUE TO FILING RLUIPA GRIEVANCE, & LAWSUIT,

CAUSATION IN RETALIATORY CLAIMS MAY REALLY BE A 2-PART INQUIRY (KING v ZAMIARA, 680 F 3d 686, 695 6TH CIR 2012) (A) ADVERSE ACTION WAS PROXIMATELY CAUSED BY AN INDIVIDUALS DEFENDANT ACT (B) INDIVIDUAL TAKING THOSE ACTS WAS MOTIVATED IN PART BY A DESIRE TO PUNISH THE PLAINTIFF FOR EXERCISE OF CONSTITUTIONAL RIGHTS.

HERE, PLAINTIFF REQUESTED A BIBLE VIA PROPER CHANNELS & PROCEDURE ASSERTING HIS CONSTITUTIONAL, FEDERAL, & STATE RIGHTS. CAPTAIN YOUKER & WILLIAMSON COUNTY DEPUTIES ADVERSE ACTION WAS CLEARLY RETALITORY AS EVIDENCED BY THEIR COMMENTS, BUT ALSO BY THEIR ACTIONS OF TARGETING PLAINTIFFS POD & CELL RAID, RIPPING CORDS FROM TV OUT OF WALL, RESTRICTING ACCESS TO KIOSK & TABLETS WITH A CLEAR DESIRE TO PUNISH FOR ASKING TO READ THE BIBLE.

IT IS NO MERE COINCIDENCE THESE ACTIONS TOOK PLACE AFTER FILING A GRIEVANCE & LAW SUIT.

## DAMAGES

THE DEFENDANTS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY THREATS & RETALIATION CAUSED MENTAL ANGUISH, ANXIETY, AND PTSD. SEVERE PSYCHOLOGICAL EFFECTS OF INVOLUNTARY SEGREGATION & PRISON RAPE DUE TO THREATS OF DEFENDANTS. THIS EMOTIONAL DISTRESS WAS MADE WITH INTENTIONAL, CALCULATED, STRATEGIC ANGER TO PUNISH AND RETALIATE ACTING UNDER THE COLOR OF THE LAW. THE ANXIETY CAUSED BY DEFENDANT IS DEBILITATING.

THE SEPERATION FROM SINCERLY HELD RELIGIOUS BELIEFS HAS NEGATIVELY AFFECTED PLAINTIFF SPIRTUAL WELL-BEING. CONGRESS FELT IT IMPORTANT TO PROTECT SPIRTUAL WELL BEING & RELIGIOUS RIGHTS.

## CONCLUSION

DENIAL OF A BIBLE IS MORE THAN AN INCONVENIENCE & ELIMINATING ALL BIBLES IS THE MOST RESTRICTIVE ALTERNATIVE WHICH IS INSUFFICIENT AND IMPRACTIBLE. (ROBERTSON V BIBY NO 15-3295 10TH CIR MAY 23, 2026)

WE MUST BE MINDFUL OF THE INTENT OF CONGRESS WHEN PASSING THE RLUIPA, OUR FIRST AMENDMENT, & TCA 41-21-211. CURRENT POLICY RENDERS THE PLAINTIFF PRACTICALLY UNABLE TO EXERCISE HIS BELIEFS. THIS IS NOT THE INTENT OF CONGRESS WHEN PASSING LAWS. HERE, WE HAVE "LAW ENFORCEMENT" LITERALLY NOT ENFORCING THE LAW.

RESTRICTING ACCESS TO THE BIBLE AS A FORM OF PUNISHMENT IS AT THE NEXUS OF THE 1983 & RETALIATION CLAIM. OUR FEDERAL BUREAU OF PRISONS ALLOW INMATES BIBLES & COMPLY WITH RLUIPA WITHOUT COMPROMISING PRISON SECURITY, SAFETY, OR CONSTITUTIONAL RIGHTS. HAVING A BIBLE IS AN ACTUAL STATE LAW & PROVIDES NO LEGITIMATE PENOLOGICAL INTEREST IN DENIAL OF A BIBLE. INMATES ARE ALLOWED TO PURCHASE BOOKS VIA PRE-EXISTING POLICY THAT HAVE NO ADVERSE IMPACT ON STATUS QUO.

FINALLY, PLAINTIFF IS SIMPLY REQUESTING THAT INMATES ARE ALLOWED TO HAVE BIBLES PURSUANT TO PRE-EXISTING STATE & FEDERAL LAWS WITHOUT THE FEAR OF RETALIATION & PUNISHMENT.

Prayers for relief

1) That this court enforce applicable constitutional, Federal, and state laws.

2) That this court award damages totalling $25,000,000 USD.

3) That counsel be appointed.

4) That all court cost, attorney fees, discretionary cost be awarded including any cost of appeal

5) For all other relief deem proper

Respectfully
x [signature]
Cortez Lamont Little

Certificate of Service

I hereby certify a true & exact copy was sent via us mail on 6/3/26 to Lisa Carson, 408 Century Court. Franklin, Tn. 37064

Respectfully,
x [signature]
Cortez Lamont Little